# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALFONZO C. TREADWELL,

    Petitioner,                                              Case No. 13-C-1409

    v.

MICHAEL BAENEN,

    Respondent.

## SCREENING ORDER

On December 16, 2013, Petitioner Alfonzo C. Treadwell filed his petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Treadwell was convicted in Milwaukee County Circuit Court of first-degree reckless homicide, while armed with a dangerous weapon, as a party to a crime. He is currently incarcerated at Green Bay Correctional Institution. This case was reassigned to this Court on January 15, 2014. Treadwell has now paid the required $5 filing fee.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims, exhausted available state remedies, and whether the petition is timely.

Treadwell's petition essentially challenges the validity of his plea. He alleges that the trial court (1) failed to comply with the State statute governing the acceptance of guilty pleas; (2) failed to determine the extent of his education and comprehension; (3) failed to alert him to the possibility that an attorney may discover a defense or mitigating circumstances that would not be apparent to a layman; (4) failed to ensure that he understood the nature of the crime and range of punishment to which he was subjecting himself by entering a plea of guilty. In a brief Treadwell filed along with his petition, he also argues that he did not receive effective assistance of counsel. Although his brief provides little explanation of how his legal counsel's performance was deficient, it appears that he believes that his counsel's undescribed ineffectiveness "caused" the guilty plea.

Both of the asserted grounds are colorable claims, though carefully examination of the attachments may establish that he is not entitled to federal relief. His claim regarding the court's denial of his postconviction motion to withdraw his guilty plea amounts to a claim that his plea was unknowing and involuntary, which implicates his right to due process under the Fourteenth Amendment. *Santobello v. New York*, 404 U.S. 257 (1971). His claim of ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). The difficulty at this point is that it appears Treadwell has not exhausted his state court remedies as to his ineffective assistance of counsel claim.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838,

845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted).

In this case, Petitioner did appeal the denial of his postconviction motion to withdraw his guilty plea to the Wisconsin Court of Appeals and Wisconsin Supreme Court. This claim is therefore exhausted and may be pursued. However, Petitioner has not exhausted his claim for ineffective assistance of counsel. He did not raise this claim in his postconviction motions before the circuit court or on appeal. As a result, no state court has had the opportunity to correct the alleged violation. Since the ineffective assistance of counsel claim is not set forth in his petition, the court could simply ignore it. The court declines to do so, however, in light of Treadwell's pro se status.

Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). In a situation like this, Petitioner has two options. He may either (1) have this case stayed while he pursues his unexhausted claims in state court, or (2) he may abandon any claims he has not exhausted (ineffective assistance) and proceed in this case with his exhausted claim. If he does choose to

pursue the ineffective assistance of counsel claim, he should file an amended petition after he has exhausted his state court remedies.

**PETITIONER IS THEREFORE ORDERED** to inform this court as to which of the two options he wishes to pursue. He must either request a stay of this proceeding within 30 days of the date of this order and immediately proceed to exhaust his state court remedies, or go forward only on his claim that his plea was involuntary. If he fails to seek a stay within such time, the court will proceed on the involuntary plea claim alone.

Dated this   25th   day of February, 2014.

                                          BY THE COURT

                                           s/ William C. Griesbach
                                          William C. Griesbach, Chief Judge
                                          United States District Court